<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ANGEL MANUEL PINET, | : | |
| Plaintiff, | :<br>:<br>: | Civil Action No. 10-2347 (NLH) |
| v. | :<br>: | **O P I N I O N** |
| DONNA ZICKEFOOSE, et al., | :<br>: | |
| Defendants. | : | |

**APPEARANCES:**

Angel Manuel Pinet, <u>Pro</u> <u>Se</u>
8773067
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

Plaintiff, Angel Manuel Pinet, currently confined at the Federal Correctional Institution, Fort Dix, New Jersey, has filed a motion to reopen his case (docket entry 10), which was closed on September 30, 2010, for failure to state a claim upon which relief may be granted.  For the following reasons, the motion will be granted.

**A.   BACKGROUND**

On May 10, 2010, Plaintiff submitted a civil complaint, and subsequently, a supplemental complaint, alleging violations of his constitutional rights, and seeking damages pursuant to <u>Bivens</u> <u>v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403

U.S. 388, 389 (1971), and the Americans with Disabilities Act ("ADA").  Plaintiff's original pleading asserted that his constitutional rights were violated due to improper medical treatment.  This Court reviewed the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2).  This Court held that Plaintiff had not alleged facts indicating deliberate indifference on the part of the defendants, that Plaintiff's complaints did not rise to the level of an Eighth Amendment violation, and that Plaintiff's ADA claim failed.  On September 30, 2010, this Court dismissed Plaintiff's complaint, without prejudice, and granted Plaintiff 45 days to move to reopen his case, attaching a proposed amended complaint that addressed the deficiencies set forth in his original pleading (Opinion and Order, docket entries 7, 8).

B.    **MOTION TO REOPEN**

As noted in this Court's original Opinion, docket entry 7, the standard for summary dismissal of a complaint for failure to state a claim was set forth by the United States Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  In Iqbal, the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that

the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007); Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

In his motion to reopen, and attached proposed amended complaint, Plaintiff asserts additional facts concerning his problems with chronic hemorrhoids and his vision.  He adds that, concerning his hemorrhoids, he is being denied medication that was prescribed by a doctor, and that a consultation request to be evaluated by a specialist has been ignored by defendant Warden Zickefoose.

With regard to his eye problems, Plaintiff alleges that the Pennsylvania State Department of Corrections diagnosed him with a cataract that may require surgery to remove, but that the BOP staff diagnosed him with a pterygium, and myopia, and prescribed him glasses.  Plaintiff's request to see an ophthalmologist for possible surgical removal of the pterygium was denied, as Plaintiff was told that the BOP would not pay for such surgery. Plaintiff's eye problems cause him irritation and impair his vision, interfering with major life activities.

As noted in this Court's original Opinion, in order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

The Court of Appeals for the Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  See Rouse v. Plantier, 182 F.3d 197 (3d Cir. 1999).  The Court of Appeals has also held that needless suffering resulting from the denial of simple medical care, which doos not serve any penological purpose, violates the Eighth Amendment.  See Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carroll,

991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

At this screening stage of litigation, it is plausible that Plaintiff was, or is, being denied medical treatment in violation of the Eighth Amendment proscription against cruel and unusual punishment.  He alleges in his proposed amended complaint that doctors have prescribed him medicine to treat his hemorrhoids, which he is being denied, causing him severe pain and problems. He is also being denied access to a specialist for the hemorrhoids.  Plaintiff was told by the doctors to try the prescribed medication first, and then he may be referred to a specialist; however, Plaintiff is not being given the prescribed medicine.  He is also being denied access to specialists regarding his eyes, despite the fact that Plaintiff claims he is suffering from impaired vision and constant irritation.  The denial of medical treatment concerning his eyesight, including the possible referral by a specialist for surgery, according to Plaintiff, is due to monetary, or non-medical reasons, which may violate the Eighth Amendment.

Therefore, at this early stage of litigation, this Court finds that the proposed amended complaint is sufficient to withstand sua sponte screening under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).  The motion to reopen will be granted, and Defendants will be ordered to answer.

**C.    MOTION FOR PRELIMINARY INJUNCTION**

Four factors must be considered by a district court in
deciding whether or not to issue a preliminary injunction: "(1)
whether the movant has shown a reasonable probability of success
on the merits; (2) whether the movant will be irreparably injured
by denial of the relief; (3) whether granting preliminary relief
will result in even greater harm to the nonmoving party; and (4)
whether granting the preliminary relief will be in the public
interest."  Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153,
158 (3d Cir. 1999)(citing American Civil Liberties Union of New
Jersey v. Black Horse Pike Regional Bd. of Educ., 84 F.3d 1471,
1477 n.2 (3d Cir. 1996)(en banc); Council of Alternative
Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997)).
"A district court should endeavor to 'balance[ ] these four ...
factors to determine if an injunction should issue.'" Id. (citing
American Civil Liberties Union of New Jersey, 84 F.3d at 1477
n.2).

In this case, Plaintiff has not shown a reasonable
probability of success on the merits, nor has he shown that he
would be irreparably injured by the denial of a preliminary
injunction.  It is clear from the amended complaint that
Plaintiff has been receiving medical attention.  Although
Plaintiff has alleged enough facts concerning the extent of his
treatment to withstand sua sponte dismissal and invoke the

plausibility of an Eighth Amendment violation, from the facts pled he has not shown it is reasonably probable.  Thus, Plaintiff has not set forth facts indicating to this Court that a preliminary injunction should issue.

**CONCLUSION**

For the foregoing reasons, the motion to reopen will be granted.  Plaintiff's request for a preliminary injunction will be denied.

An appropriate order accompanies this opinion.


                                        /s/ NOEL L. HILLMAN
                                        NOEL L. HILLMAN
                                        United States District Judge
At Camden, New Jersey

Dated: June 16, 2011