**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____        :
                                   :
ANGEL MANUEL PINET,                :
                                   :    Civil Action No. 10-2347(NLH)
            Plaintiff,             :
                                   :
       v.                          :    OPINION
                                   :
DONNA ZICKEFOOSE, Warden,          :
et al.,                            :
                                   :
            Defendants.            :
_____        :
```

**APPEARANCES:**

Christopher P. Soper, Esq.
Pepper Hamilton LLP
301 Carnegie Center
Suite 400
Princeton, NJ  08543
and
Jeremy D. Frey, Esq.
Pepper Hamilton, LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

       Counsel for Plaintiff

Jordan Milowe Anger, Esq.
Office of the U.S. Attorney
970 Broad Street
7th Floor
Newark, NJ  07102

       Counsel for Defendants Donna Zickefoose; Clinical Director,
          FTD; Samir Sulayman, M.D., FTD; Edward Gostkowski,
          PA-C, FTD; Ed Eichel, AHSA, FTD; Abigil Lopez De
          LaSalle, M.D., FTD; Chief Pharmacist, FTD;
          Correctional Officer Hall; Lt. Hall

Franklin Lewis Flacks, Esq.

Rottkamp & Flacks, Esqs.
795 Parkway Avenue
Suite A-6, Lexington Mews
Trenton, NJ  08618

    Counsel for Defendants St. Francis Medical Center and Nurse
        Carol Landau

**HILLMAN**, District Judge

    This matter is presently before the Court pursuant to: (a)
a Motion [137] to Dismiss for Lack of Subject Matter
Jurisdiction and for Summary Judgment (the "Motion to Dismiss")
by Defendants United States of America, Donna Zickefoose, Edward
Eichel, Edward Gostkowski, Oke Johnson, and Michael Hall,[1] and
(b) a Motion [151] for Summary Judgment[2] by Defendants St.
Francis Medical Center and nurse Carol Landau.

    For the reasons state below, the Motions will be granted.

I. BACKGROUND

    This matter was originally opened to the Court by Plaintiff
Angel Manuel Pinet's submission, on or about May 6, 2010, of a
Complaint [1], pursuant to Bivens v. Six Unknown Named Agents of
Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the
Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and

---

[1] After the Motion to Dismiss was filed, the parties voluntarily
agreed to dismiss all claims against the United States of
America and Defendant Oke Johnson, in both her individual and
official capacities.  (Stipulation of Dismissal [143].)

[2] Although denominated a Motion for Summary Judgment, it also
asserts in the text that certain claims should be dismissed for
failure to state a claim.

an application for leave to proceed in forma pauperis.  In that
Complaint, Plaintiff alleged that, while he was confined at the
Federal Correctional Institution at Fort Dix, New Jersey, ("FCI
Fort Dix") the named defendants had violated his rights to
adequate medical care, under the Eighth Amendment proscription
against cruel and unusual punishment, by their response to his
alleged need for ophthalmic treatment beginning in 2008.  The
named defendants in the original Complaint were Warden Donna
Zickefoose, the "Clinical Director" at FCI Fort Dix, Samir
Sulayman, M.D., physician assistant Manuel Calaguio, physician
assistant Edward Gostkowski, and a "John Doe" optometrist.

On or about July 26, 2010, Plaintiff submitted a
"Supplement[al] Complaint," [4],[3] in which he added the United
States as a defendant under the Federal Tort Claims Act, and in
which he asserted additional factual allegations, against
Defendants Donna Zickefoose, the Clinical Director, Dr. Samir
Sulayman, and physician assistant Edward Gostkowski.  More

---

[3] Pursuant to Fed.R.Civ.P. 15(d), a District Court may, "on just
terms, permit a party to serve a supplemental pleading setting
out any transaction, occurrence, or event that happened after
the date of the pleading to be supplemented."  In light of the
fact that Plaintiff alleges deficiencies in the treatment of his
hemorrhoids beginning in approximately November 2009, several
months before he submitted his original Complaint in May 2010,
it is questionable whether the Supplemental Complaint is
properly construed as a supplemental complaint permitted by Rule
15(d).  Pursuant to Fed.R.Civ.P. 15(a), however, a party may
amend his complaint once as a matter of course, within certain
time limits not exceeded here, before trial.

specifically, Plaintiff alleged that he had been diagnosed with hemorrhoids in 2007, that he had received medication that was stopped about eight months earlier, or in approximately October 2009, after which time he was forced to use over-the-counter medication which did not relieve his symptoms.  He further claimed that from May 21 through 26, 2010, he was in terrible pain from his hemorrhoids protruding and that he was given no medical attention despite his complaints.  He stated that he attempted to resolve his medical concerns regarding the hemorrhoids with Warden Donna Zickefoose who, allegedly responded that she was not a doctor.  According to Plaintiff, he then spoke to the Clinical Director, who stated that the doctor could not interrupt his other appointments to respond to Plaintiff's complaints about his hemorrhoids.  Finally, Plaintiff asserted that Dr. Sulayman prescribed a suppository medication on May 26, 2010, but that the Clinical Director refused to provide the prescribed medication and further refused to sign Plaintiff up for sick call on June 7 and 8, 2010.

By Opinion and Order [7, 8] entered September 30, 2010, this Court granted Plaintiff leave to proceed in forma pauperis and dismissed without prejudice the Complaint and Supplement[al] Complaint for failure to state a claim.  Plaintiff was granted leave, within 45 days after entry of the dismissal Order, to move to reopen this case, attaching to any such motion a

proposed amended complaint addressing the deficiencies of the Complaint and Supplement[al] Complaint as stated in the Court's Opinion.

On or about November 1, 2010, Plaintiff submitted such a Motion [10] to reopen, attaching a proposed Amended Complaint. In the Amended Complaint, Plaintiff purported to assert claims under Bivens, the Federal Tort Claims Act, and the Americans with Disabilities Act. Plaintiff named as defendants the United States of America, Warden Donna Zickefoose, Ed Eichel, Clinical Director Abigail Lopez de Lasalle, Samir Sulayman, M.D., physician assistant Edward Gostkowski, the unnamed Chief Pharmacist, and consultant optometrist Francis Sieber. In the proposed Amended Complaint, Plaintiff limited his allegations to claims related to the treatment of his hemorrhoids. By Order [16] entered June 16, 2011, this Court granted the Motion to reopen and ordered the Clerk to file the proposed Amended Complaint.

On August 24, 2011, Plaintiff filed a Motion [26] for leave to file a Second Supplemental Amended Complaint, which the Magistrate Judge assigned to this matter granted by Order [57] entered December 28, 2011. That Order [57] directed that the Amended Complaint [10] and proposed Second Supplemental Amended Complaint, together, would constitute the Second Amended Complaint [58]. Following this Court's Order [103] appointing

counsel to represent Plaintiff, Plaintiff filed his Third

Amended Complaint [125] against Defendants the United States,

Donna Zickefoose, Edward Eichel, Edward Gostkowski, Oke Johnson,

M. Hall, Kulin Oza, Carol Landau, and St. Francis Medical

Center.[4]  The claims of the Third Amended Complaint relate only

to alleged violations of Plaintiff's Eighth Amendment right to

adequate medical care, beginning in October 2009, with respect

to his hemorrhoid condition.

In the Third Amended Complaint, Plaintiff alleges that

around July 2008, a physician at the Federal Correctional

Institution at Fort Dix ("FCI Fort Dix") prescribed steroid

suppositories to treat Plaintiff's hemorrhoid condition, a

treatment which Plaintiff found effective.  According to

Plaintiff, however, beginning around October 2009, Defendant

Edward Gostkowski, a physician assistant, refused to refill the

prescription for suppositories, allegedly because they were too

expensive, and, instead, treated Plaintiff with hydrocortisone

cream only.  Plaintiff contends that the cream was not effective

and that his hemorrhoids began to protrude from his body and

became very painful.  Plaintiff asserts that Defendant

Gostkowski denied his repeated requests to see a physician, even

---

[4] As noted above, the parties have stipulated [143] to the
dismissal of all claims against the United States of America and
Oke Johnson.  In addition, the parties have stipulated [127] to
the dismissal of all claims against Defendant Francis Sieber.

as his condition worsened alarmingly.

Plaintiff further alleges that, on about May 25, 2010, he approached Defendant Warden Zickefoose to obtain medical services, but she demurred, stating that she was not a doctor. Plaintiff states that, on the same day, he approached Defendant Edward Eichel, the Assistant Health Services Administrator at FCI Fort Dix, who allegedly declined to assist Plaintiff in seeing a physician for his ailments. Nevertheless, on May 26, 2010, Plaintiff was examined by Dr. Sulayman at FCI Fort Dix, who diagnosed Plaintiff with a large external hemorrhoid with clotted blood, extending approximately 3 cm from the anal verge. Plaintiff asserts that Dr. Sulayman prescribed steroid suppositories in an attempt to treat the hemorrhoids before surgery, but that Chief Pharmacist Ms. Hitties refused to provide the prescribed medication.

Plaintiff states that he again sought medical care on June 8, 2010, but that Defendant Gostkowski denied the suppository prescription, informing Plaintiff that the prescribed medication was not on the prison's approved medication list. Plaintiff contends that Defendant Gostkowski refused to permit Plaintiff to see Dr. Sulayman.

Plaintiff asserts that he wrote to the Director of the Bureau of Prisons on June 10, 2010, concerning the alleged refusal to provide the prescribed suppository medication. He

alleges that Warden Zickefoose responded that Dr. Sulayman had told Plaintiff that the Health Services Administration ("HSA") should attempt to control the hemorrhoids with steroid suppositories. Plaintiff contends that he continued to seek the suppository medication, unsuccessfully, for the next ten months, and that he was forced repeatedly to reinsert his hemorrhoids into his rectum, with his fingers, causing severe pain. On about April 8, 2011, Plaintiff was transported to St. Francis Medical Center, where he received a hemorrhoidectomy and perianal mass surgery.

Plaintiff asserts that, during transportation from St. Francis Medical Center, and contrary to medical instructions, Defendant nurse Carol Landau required him to sit directly on his surgical incision, which he states was painful.

Plaintiff alleges that, after his return to FCI Fort Dix, Defendants nurse Oke Johnson and Lt. M. Hall denied him medical assistance and pain medication. Plaintiff received pain medication the next day, but suffered an allergic reaction to the medication.

According to Plaintiff, the surgical discharge summary advised that if the surgical pack left in Plaintiff's rectum did not come out on its own within 24 hours, HSA staff was directed to remove it. Plaintiff contends that the pack did not come out on its own, that he told unnamed HSA staff on April 10 that it

needed to be removed, and that he removed it himself on April 11 because he had not received assistance from HSA staff. Plaintiff also contends that he did not receive the prescribed pain reliever Percocet, but that he received Tylenol instead until April 15, 2011, when he was provided Naproxen.

Plaintiff then describes alleged deficiencies with his surgery and post-surgical treatment. He states that the surgery was not successful, as a half-inch section of his intestine or perianal mass continued to protrude, causing him severe pain. Plaintiff alleges that he requested an examination of the incision about two weeks after the surgery, when a Mr. Calaguio cut off about three inches of silk dangling from the incision, but did not otherwise examine the incision. Plaintiff continued to complain about his condition, without result, until July 6, 2011, when a staff member examined him and determined that a follow-up examination was needed. According to Plaintiff, he was examined by another surgeon on October 18, 2011, who determined that Plaintiff's condition required a second surgery. Plaintiff received that second surgery in November 2011. Plaintiff claims that the second surgery was not successful and that he is scheduled for a third surgery, on a date to be determined.

Plaintiff contends that the events described in the Third Amended Complaint amount to a violation of his rights under the

Eighth and Fourteenth Amendments.

As noted above, Defendants Warden Donna Zickefoose, Edward Eichel, Edward Gostkowski, and Lt. Michael Hall (the "Federal Defendants") have moved to dismiss this matter, or for summary judgment, for failure to exhaust administrative remedies, for failure to state a claim, and on grounds of qualified immunity. St. Francis Medical Center and nurse Carol Laundau (the "St. Francis Defendants") have moved for summary judgment, or to dismiss, on grounds that they are not government actors, that the facts do not suggest "deliberate indifference," and that Plaintiff has failed to submit the required Affidavit of Merit, see N.J.S.A. 2A:53A-27.

This Court has considered the Motions and the various submissions of the parties and will decide the Motions on the briefs, pursuant to Federal Rule of Civil Procedure 78(b).

## II. DISMISSAL FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a claim in a civil action for "failure to state a claim upon which relief can be granted." In addition, this Court must dismiss, at any time, certain in forma pauperis and prisoner actions that fail to state a claim. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions

brought with respect to prison conditions).  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... .  Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  That is, a complaint must assert "enough

facts to state a claim to relief that is plausible on its face."
Id. at 570.

"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing
Twombly, 550 U.S. at 556). Thus, a court is "not bound to
accept as true a legal conclusion couched as a factual
allegation," and "[t]hreadbare recitals of the elements of a
cause of action, supported by mere conclusory statements, do not
suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations
omitted).

> To determine whether a complaint meets the pleading
> standard, our analysis unfolds in three steps. First,
> we outline the elements a plaintiff must plead to
> state a claim for relief. Next, we peel away those
> allegations that are no more than conclusions and thus
> not entitled to the assumption of truth. Finally, we
> look for well-pled factual allegations, assume their
> veracity, and then "determine whether they plausibly
> give rise to an entitlement to relief." This last
> step is "a context specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense."

Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations
omitted).

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972);

<u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

### III.  <u>SUMMARY JUDGMENT</u>

A.  <u>Federal Rule of Civil Procedure 56</u>

A district court shall grant summary judgment, as to any claim or defense, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  Thus, summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  <u>Id.</u>  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Id.</u> at 247-48

(emphasis in original).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Fed.R.Civ.P. 56(c)(1), (4); Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (citation omitted)); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (citing Celotex, 477 U.S. at 325)).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. "[T]he non-moving party, to prevail, must 'make a showing sufficient to establish the existence of [every] element

essential to that party's case, and on which that party will bear the burden of proof at trial.'" Cooper v. Sniezek, 418 F.App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted). Instead, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990) ("The object of [the Rule] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("To raise a genuine issue of material fact, ... the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the ' mere scintilla' threshold and ... offer[] a genuine issue of material fact.").

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any

weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255). In making this determination, however, the court may consider materials in the record other than those cited by the parties. Fed.R.Civ.P. 56(c)(3).

## IV. DISCUSSION

### A. The St. Francis Defendants' Motion to Dismiss

The St. Francis Defendants have moved to dismiss on the ground, among others, that they are not government actors liable for any violation of the Eighth Amendment. (Motion for Summary Judgment, [151], Point II.) Citing West v. Atkins, 487 U.S. 42, 57 (1988), Plaintiff responds that they are liable as "state actors" under 42 U.S.C. § 1983, because they contracted with the state to provide part-time medical services to prison inmates. (Memorandum in Opposition, [152], at 3-5.)

Plaintiff's response reveals a fundamental misunderstanding of the distinctions between the remedies available against state actors, and those available against federal actors, for violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,

any citizen of the United States or other person
within the jurisdiction thereof to the deprivation of
any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other
proper proceeding for redress ... .

42 U.S.C. § 1983. Thus, to state a claim for relief under

§ 1983, a plaintiff must allege, first, the violation of a right

secured by the Constitution or laws of the United States and,

second, that the alleged deprivation was committed or caused by

a person acting under color of state law. West v. Atkins, 487

U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d

Cir. 2011).

"[T]he under-color-of-state-law element of § 1983 excludes

from its reach 'merely private conduct, no matter how

discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v.

Sullivan, 526 U.S. 40, 50 (1999) (citations omitted).

Nevertheless, "the deed of an ostensibly private organization or

individual" at times may demand to be treated "as if a State has

caused it to be performed." Brentwood Academy v. Tennessee

Secondary Sch. Athletic Ass'n, 531 U.S. 288 (2001).

Specifically, "state action may be found if, though only if,

there is such a 'close nexus between the State and the

challenged action' that seemingly private behavior 'may be

fairly treated as that of the State itself.'" Id. (quoting

Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

Here, however, the St. Francis Defendants cannot be liable as "state actors," pursuant to § 1983, as they were not acting under contract to any state, but rather to the Federal Bureau of Prisons.[5]  See Ruiz v. Federal Bureau of Prisons, 481 F.App'x 738, 739 n.1 (3d Cir. 2012).

Similarly, Plaintiff cannot proceed under a theory that the St. Francis Defendants violated his rights under the Fourteenth Amendment, as that provision applies only to state, not federal, actors.  See Cadmus v. United States, Civil Action No. 08-1273, 2009 WL 1532059, *5 (M.D. Pa. June 1, 2009), aff'd, 356 F.App'x 559 (3d Cir. 2009); Quiles v. Vitt, Civil Action No. 09-0580, 2010 WL 5559507 (M.D. Pa. Dec. 16, 2010) (collecting cases), report and recommendation adopted, 2011 WL 65758 (M.D. Pa. Jan. 10, 2011).

With respect to federal officials, in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent,

---

[5] See Third Amended Complaint, ¶¶ 9-10 (averring that "St. Francis Medical Center routinely provides health care services for inmates of FCI Fort Dix pursuant to a contract with BOP" and that Carol Landau was employed by St. Francis Medical Center); St. Francis Defendants' Answer [126], ¶¶ 9-10 (admitting the averments of the Third Amended Complaint at ¶¶ 9-10); Memorandum in Opposition at 4-5 (reiterating that the St. Francis Defendants provided services to inmates at FCI Fort Dix pursuant to a contract with the Federal Bureau of Prisons).

individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation."  Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988)).  Thus, since Carlson, the Supreme Court "has consistently refused to extend Bivens liability to any new context or new category of defendants."  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001).

Specifically applicable here, in Malesko, the Supreme Court refused to extend Bivens to allow recovery against a private corporation operating a halfway house under contract with the Federal Bureau of Prisons, an extension that the Court found "would not advance Bivens' core purpose of deterring individual officers from engaging in unconstitutional wrongdoing."  Id. More recently, the Supreme Court has refused to imply an Eighth Amendment Bivens action against privately employed personnel working at a privately operated federal prison, where the challenged conduct "is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here)."  See Minneci v.

<u>Pollard</u>, 132 S.Ct. 617, 626 (2012).  Accordingly, Plaintiff cannot proceed against the St. Francis Defendants, for alleged inadequate medical care, under a <u>Bivens</u> theory, either.  <u>See</u> <u>Ruiz</u>, 481 F.App'x at 740-41.

Finally, in his response, Plaintiff is adamant that the New Jersey statutory requirement for an Affidavit of Merit, necessary to proceed against a medical professional in a medical malpractice tort action, does not apply in this matter where he is proceeding solely for violations of federal constitutional law.  (Memorandum in Opposition at 6.)  Thus, by making this argument, Plaintiff has made clear that he is not asserting a state law tort claim against the St. Francis Defendants.

Accordingly, for all the foregoing reasons, all claims against the St. Francis Defendants will be dismissed with prejudice.[6]

B.    <u>The Federal Defendants' Motion</u>

The Federal Defendants urge this Court to dismiss, or grant them summary judgment on, Plaintiff's claims against them based on Plaintiff's failure to fully exhaust administrative remedies prior to filing the initial Complaint and prior to filing the Supplemental Complaint [4] and Amended Complaint [10] in which

---

[6] Because of the resolution of this issue, it is not necessary to address the other grounds asserted in support of the St. Francis Defendants' Motion, including the request for summary judgment.

he first raised claims challenging the adequacy of care for his hemorrhoid condition. (Memorandum of Law in Support of Motion, [137] at 16-19; Reply Memorandum, [144].) Plaintiff counters that he fully exhausted his administrative remedies no later than December 17, 2010, before this Court entered its Order [16] on June 16, 2011, granting Plaintiff's Motion [10] to reopen and file the Amended Complaint. (Memorandum of Law in Opposition [141] at 8-11.)[7]

1.  The Statutory Exhaustion Requirement

The exhaustion of administrative remedies is a mandatory prerequisite to any prisoner's filing of a civil rights action regarding prison conditions. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churcher, 532 U.S. 731, 739 (2001)). Specifically, Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any

---

[7] Dismissal under Rule 12(b)(6), for failure to exhaust administrative remedies, is appropriate only where the defect is apparent from the face of the complaint. See Watson v. Sec'y Pennsylvania Dep't of Corr., 436 F.App'x 131, 137 n.5 (3d Cir. 2011) (citing Rycoline Prods., Inc. v. C. & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997)). See also Jones v. Bock, 549 U.S. 199, 216 (2007) (holding that failure to exhaust is an affirmative defense).

As the Motion is denominated, in the alternative, a motion for summary judgment, and Plaintiff has responded to it as such, this Court will decide the Motion as a motion for summary judgment under Rule 56 and will consider the materials submitted in support of, and in opposition to, the Motion. See Fed.R.Civ.P. 12(d).

other Federal law, by a prisoner confined in any jail,
prison, or other correctional facility until such
administrative remedies as are available are
exhausted.

"[T]he ... exhaustion requirement applies to all inmate

suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege

excessive force or some other wrong." Porter v. Nussle, 534

U.S. 516, 532 (2002) (citation omitted). See also Nyhuis v.

Ngo, 204 F.3d 65, 68-69 (3d Cir. 2000) (holding that the

§ 1997e(a) exhaustion requirement applies equally to claims

brought by federal and state prisoners).  In addition, a

prisoner must exhaust all available administrative remedies even

where the relief sought, such as monetary damages, cannot be

granted through the administrative process.  Booth v. Churner,

532 U.S. 731 (2001).

Exhaustion is a precondition for bringing suit and, as

such, it is a "'threshold issue that courts must address to

determine whether litigation is being conducted in the right

forum at the right time.'" Small v. Camden County, 728 F.3d

265, 270 (3d Cir. 2013) (alteration in original) (citations

omitted).  Accordingly, "judges may resolve factual disputes

relevant to the exhaustion issue without the participation of a

jury." Id. at 271.

The applicable procedural rules for properly exhausting

administrative remedies "are defined not by [§ 1997e(a)], but by
the prison grievance process itself.  Compliance with prison
grievance procedures, therefore, is all that is required by
[§ 1997e(a)] to 'properly exhaust.'"  <u>Jones v. Bock</u>, 549 U.S. at
218.  The burden of proving non-exhaustion lies with the
defendants asserting the defense.  <u>Id.</u>, 549 U.S. at 212, 216-17.

Section 1997e(a) "demands that a prisoner exhaust his
administrative remedies <u>before</u> filing suit."  <u>Strickengloss v.
State Correction Institution at Mercer</u>, No. 13-1933, 2013 WL
3776225, *1 (3d Cir. July 19, 2013) (emphasis added) (citing
<u>Jones v. Bock</u>, 549 U.S. at 204.  <u>See also</u> <u>Thrower v. U.S.</u>, No.
12-4386, 2013 WL 2392823, *3 (3d Cir. June 3, 2013) (affirming
dismissal of <u>Bivens</u> claim for failure to exhaust, even though
prisoner exhausted his remedies after filing suit) (citing <u>Ahmed
v. Dragovich</u>, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) (collecting
cases)); <u>Oriakhi v. United States</u>, 165 F.App'x 991, 993 (3d Cir.
2006) (noting "unanimous circuit court consensus" that a
prisoner cannot fulfill the exhaustion requirement after filing
the complaint).

However, pursuant to Rule 15(d) of the Federal Rules of
Civil Procedure, a district court may, "on just terms, permit a
party to serve a supplemental pleading setting out any
transaction, occurrence, or event that happened after the date
of the pleading to be supplemented."  Thus, "prisoners may file

supplemental or amended complaints if the claims in question
1) have truly accrued since the beginning of the suit and 2) are
exhausted per 42 U.S.C. § 1997e(a) before the supplement is
filed." <u>Boone v. Nose</u>, No. 13-1935, 2013 WL 3481808, *1 n.1 (3d
Cir. July 11, 2013) (citing <u>Rhodes v. Robinson</u>, 6721 F.3d 1002,
1005 (9th Cir. 2010)).  Accordingly, and significantly for
resolution of this matter, where an amended or supplemental
complaint <u>first</u> asserts a constitutional claim against new
defendants, which claim accrued <u>after</u> the original complaint was
filed, the amended or supplemental complaint is the "functional
equivalent" of filing a new action and the prisoner need only
exhaust his administrative remedies before filing the amended or
supplemental complaint.  <u>See</u> <u>Barnes v. Briley</u>, 420 F.3d 673,
677-78 (7th Cir. 2005), <u>distinguished in</u> <u>Green v. Dept. of
Corrections</u>, 393 F.App'x 20 (3d Cir. 2010) and <u>Malouf v. Turner</u>,
814 F.Supp.2d 454 (D.N.J. 2011).

Finally, a case is "brought" within the meaning of
§ 1997e(a) at the time it is tendered to the district court, not
when the district court grants the prisoner leave to proceed <u>in
forma pauperis</u> and files the complaint.  <u>Vaden v. Summerhill</u>,
449 F.3d 1047, 1050-51 (9th Cir. 2006) (citing <u>Ford v. Johnson</u>,
362 F.3d 395, 400 (7th Cir. 2004)).  Thus, any claims that are
exhausted after the complaint has been tendered to the district
court, but before the district court has granted the prisoner

leave to proceed in forma pauperis and filed the complaint, must be dismissed. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (citing Vaden v. Summerhill, 449 F.3d at 1050-51).

    2.    The BOP Administrative Remedy Program

    The Bureau of Prisons Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."[8]  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).

---

[8] "This rule does not require the inmate to file under the Administrative Remedy Program before filing under statutorily-mandated procedures for tort claims (see 28 CFR 543, subpart C), Inmate Accident Compensation claims(28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D),[ or other statutorily-mandated administrative procedures]." 67 F.R. 50804-01, 2002 WL 1789480 (August 6, 2002).

The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days after the day the Regional Director signed the response.[9]  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.  The General Counsel must respond within 40 calendar days after an appeal is logged into the Administrative Remedy Index as received; this response time may be extended, once, for 20 additional days.  28 C.F.R. § 542.18. If a response is not received by the inmate within the time allotted for reply, including extension, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

    3.   The Procedural History of Plaintiff's Claims

    The chronology of Plaintiff's administrative remedies and pleadings in this Court, as set forth briefly below, is not in dispute (except where noted).

05/26/2010    Plaintiff submitted his original Complaint [1], in which he did not assert any claims regarding the treatment of his hemorrhoid condition.[10]

07/19/2010    Plaintiff filed Administrative Remedy 597394

---

[9] Response times for each level of review are set forth in 28 C.F.R. § 542.18.  Only the response time at the final, General Counsel, level is at issue here.

[10] The Complaint is dated May 26, 2010.  Pursuant to the federal "mailbox rule," see Houston v. Lack, 487 U.S. 266 (1988) and Burns v. Morton, 134 F.3d 109 (3d Cir. 1998), this Court deems the Complaint "filed" as of that date.  See Woodson v. Payton, 503 F.App'x 110, 112 n.3 (3d Cir. 2012) (citing both Houston and Burns).

26

complaining about the treatment of his hemorrhoids and the denial of the prescribed suppositories. This was Plaintiff's first administrative remedy regarding treatment of his hemorrhoid condition.

07/26/2010    Plaintiff submitted Supplement[al] Complaint [4], in which he first raised claims related to the treatment of his hemorrhoid condition.

08/19/2010    Warden Donna Zickefoose responded to Plaintiff's Administrative Remedy 597394, advising Plaintiff to sign up for sick call if he required treatment.

08/26/2010    Plaintiff filed a Regional Administrative Remedy Appeal from the Warden's response to Administrative Remedy 597394.

09/28/2010    The Regional Director denied Plaintiff's appeal of Administrative Remedy 597394.

09/30/2010    This Court entered its Opinion and Order [7, 8] granting Plaintiff leave to proceed in forma pauperis, dismissing the Complaint without prejudice for failure to state a claim, and granting Plaintiff leave, within 45 days thereafter, to move to reopen, attaching to any such motion a proposed amended complaint.

10/10/2010    Plaintiff filed a Central Office Administrative Remedy Appeal from the Regional Director's response to Administrative Remedy 597394.

11/01/2010    Plaintiff submitted a Motion [10] to reopen, accompanied by a proposed Amended Complaint, in which Plaintiff again asserted an Eighth Amendment claim challenging the treatment of his hemorrhoid condition.

12/17/2010    Purported deadline for Central Office response to Plaintiff's appeal of Administrative Remedy 597394.[11]

_____

[11] This deadline is the only date arguably in dispute, as it is computed by reference to the unknown date when Plaintiff's Central Office Administrative Remedy Appeal was logged in, as

27

| 04/08/2011 | Plaintiff received hemorrhoid surgery at St. Francis Medical Center and was returned to FCI Fort Dix. |
| --- | --- |
| 04/14/2011 | The Central Office denied Plaintiff's appeal of Administrative Remedy 597394. |
| 05/03/2011 | Plaintiff submitted a "Supplement to Plaintiff's Amended[ed] Complaint," [15], in which he first asserted an Eighth Amendment claim that he did not receive appropriate pain medication and other post-surgical treatment at FCI Fort Dix, between April 8 to 22, 2011, and in which he added nurse Oke Johnson, Jose Ravago, Correctional Officer Hall, and Lt. Hall as Defendants. |
| 05/15/2011 | Plaintiff filed Administrative Remedy 639035-F1, complaining that he did not receive proper pain medication and post-operative treatment following hemorrhoid surgery, between April 8 and 15, 2011. |
| 06/06/2011 | Warden Zickefoose responded to Plaintiff's Administrative Remedy 639035-F1. |
| 06/14/2011 | Plaintiff filed a Regional Administrative Remedy Appeal from the Warden's response to Administrative Remedy 639035-F1. |
| 06/16/2011 | This Court entered its Order [16] granting the Motion [10] to reopen and directing the Clerk to file the Amended Complaint. |
| 07/19/2011 | The Regional Director denied Plaintiff's appeal of Administrative Remedy 639035-F1. |
| 08/01/2011 | Plaintiff filed a Central Office Administrative Remedy Appeal from the Regional Director's response to Administrative Remedy 639035-F1. |
| 08/24/2011 | Plaintiff submitted his Motion [26] for leave to file a Second Supplemental Amended Complaint, asserting a claim against St. Francis Medical Center arising out of the first hemorrhoid surgery. |

discussed more fully, infra.

12/28/2011    The Magistrate Judge assigned to this matter
              entered an Order [57] granting Plaintiff's Motion
              [26] for leave to file a Second Supplemental
              Amended Complaint, directing the Clerk to file
              the proposed Second Supplemental Amended
              Complaint, and directing that the Amended
              Complaint [10] and Second Supplemental Complaint
              [26] shall together constitute the Second Amended
              Complaint.

02/06/2012    The Central Office denied Plaintiff's appeal of
              Administrative Remedy 639035-F1.

02/16/2012    Plaintiff submitted his Motion [73] for leave to
              file a third amended complaint, later withdrawn.

03/12/2012    Plaintiff submitted his Motion [79] for leave to
              file a third amended complaint.

04/30/2012    The Magistrate Judge assigned to this matter
              entered an Order [88] granting Plaintiff's motion
              for appointment of pro bono counsel and denying
              without prejudice Plaintiff's Motion [79] for
              leave to file a third amended complaint.

06/20/2012    This Court entered its Order [103] appointing pro
              bono counsel to represent Plaintiff.

03/11/2013    Plaintiff filed his Third Amended Complaint, in
              which he asserted claims against the Federal
              Defendants for inadequate medical care and denial
              of pain medication, between April 8 and 15, 2011,
              following his first hemorrhoid surgery. [125].

(Memorandum of Law in Support of Motion, Decl. of Tara Moran.)

    4.  Analysis

    Here, Plaintiff asserts against the Federal Defendants two

separate Eighth Amendment claims: (1) the first, arising out of

alleged inadequate medical care of his hemorrhoid condition

before surgery, beginning in November 2009, and (2) the second,

29

arising out of alleged refusal to provide appropriate post-
operative care between April 8 and 15, 2011. This Court will
address the exhaustion of the two claims separately.

With respect to the first claim, arising out of pre-
operative treatment of his hemorrhoid condition, Plaintiff
alleges that the inadequate treatment began October 2009, when
prison medical personnel first substituted a cream for the
prescribed suppository medication. This was before Plaintiff
"brought" this action, through submission of his original
complaint on May 26, 2010. Plaintiff's submission of the
original complaint to this Court on May 26, 2010, occurred
before Plaintiff first filed Administrative Remedy 597394, on
July 19, 2010, complaining about the treatment of his condition.
Accordingly, this first claim was not exhausted before Plaintiff
brought this action.

Even if this Court were to consider this action "brought"
on November 1, 2010, when Plaintiff submitted his Motion [10] to
reopen, accompanied by the proposed Amended Complaint first
raising this claim challenging the treatment of his hemorrhoid
condition, the claim would still be unexhausted. Plaintiff
submitted his Central Office Administrative Remedy Appeal on
October 10, 2010. Even if it were logged that day, a response
would not have been due from the Central Office until 40 days
later, on November 19, 2010, at the earliest. Thus, Plaintiff

could not have been entitled under the BOP Administrative Remedy
Program to consider the appeal denied until November 19, 2010,
at the earliest, 18 days after he submitted to this Court the
Motion to reopen and proposed Amended Complaint.  Again,
therefore, regardless of the date the appeal was actually
logged, and regardless of whether the Central Office extended
the time for response, Plaintiff could not have exhausted his
administrative remedies before the date the Amended Complaint is
deemed filed by his submission of it to this Court.  The Federal
Defendants are, therefore, entitled to summary judgment with
respect to Plaintiff's claims regarding the pre-operative
treatment of his hemorrhoid condition, under § 1997e(a), for
failure to exhaust.

    Plaintiff's claims regarding his post-operative treatment
by FCI Fort Dix personnel arise from events spanning April 8 to
15, 2011.  He first submitted to this Court a "Supplement to
Plaintiff's Amend[ed] Complaint," [15], raising these claims, on
May 3, 2011, but he did not even begin the BOP administrative
remedy process until twelve days later, on May 15, 2011.  Later,
on August 24, 2011, he submitted his Motion [26] for leave to
file a Second Supplemental Amended Complaint, asserting an
Eighth Amendment claim, arising out of his surgery, against St.
Francis Medical Center.  The Magistrate Judge assigned to this
matter entered an Order [57] granting that Motion [26], and

directing the Clerk to file the proposed Second Supplemental Amended Complaint, on December 28, 2011.  The BOP administrative review process was not concluded, however, until February 6, 2012.  Certainly, this claim against FCI Fort Dix personnel did not truly accrue after Plaintiff "brought" the "action" in which it was first asserted.  Therefore, the Federal Defendants are entitled to summary judgment as to these claims, also, for failure to exhaust administrative remedies.[12]

## V.  CONCLUSION

For the reasons set forth above, the claims against the St. Francis Defendants will be dismissed with prejudice for failure to state a claim.  The Federal Defendants are entitled to summary judgment, with respect to all claims asserted against them, for failure to exhaust administrative remedies.  This Court will sua sponte dismiss as moot all pending cross-claims and all claims asserted in Plaintiff's earlier pleadings that were superseded by the Third Amendment Complaint. An appropriate order follows.


At Camden, New Jersey                    ___s/ Noel L. Hillman___
                                         Noel L. Hillman
                                         United States District Judge
Dated:  December 19, 2013

---

[12] In light of this result, it is not necessary for this Court to address the Federal Defendants' other asserted grounds for relief.